IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEVON AUSTIN EARL, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 22-1026-RGA |
| | : |
| BRANDON HARRIS, et al., | : |
| | : |
| Defendants. | : |

Devon Austin Earl, Wilmington, Delaware.  Pro Se Plaintiff.


**MEMORANDUM OPINION**










December 6, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Devon Austin Earl appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 4).  He alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and raises claims under Delaware law.[1]  (D.I. 2).  Plaintiff has filed a motion for leave to issue service of summons and a motion to expedite service of summons.[2]  (D.I. 5, 6).   The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint.  *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  Plaintiff names twenty-seven defendants:  The individual defendants are named either in their individual and official capacities or solely in their official capacities.  (*See* D.I. 2-1, list of defendants).

Plaintiff is employed by Defendant University of Delaware.  (D.I. 2 at ¶ 5).  In March 2020, Defendant New Castle County Police Officer Brandon Harris stopped Plaintiff for "an alleged 'traffic violation.'"  (D.I. 2 at ¶ 40).  Plaintiff alleges that Harris "arbitrarily pulled-over/seized/detained/arrested and cited" him, that Harris failed to

---

[1] The Complaint alleges that the action is brought pursuant to 42 U.S.C. §§ 1981, 1983, 1988, the Articles (presumably the Articles of the Constitution) and Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Title VII of the Civil Rights Act of 1964, and the laws of Delaware.  (*See* D.I. 2 at ¶¶ 4, 5, 39).  The Complaint's eleven counts raise claims under 42 U.S.C. § 1983 (Counts I, V, VI, VII, VIII, IX), claims under Delaware law (Counts II, III, IV), and "civil rights" claims (Counts X, XI).
[2] The motions will be dismissed without prejudice as premature.

1

produce a lawful warrant for the stop and seizure, and that Harris failed to articulate probable cause during the detainment, arrest, and citation.  (*Id*. at ¶¶ 40, 41).  Plaintiff was charged with failure to have required insurance, 21 Del. C. § 2118, and having a fictitious or canceled registration, 21 Del. C. § 2115, Case No. 2002015749, Arrest Number T322003375.  (D.I. 2 at Ex. E).

On June 7, 2022, Plaintiff was arrested by Defendant University of Delaware Police Officer Jessica Zeilman "under false and misleading pretenses of being a 'private matter' via his employers orders to go to the University Police Station."  (D.I. 2 at ¶ 55).  Plaintiff alleges that "a waiver of rights to replacement of venue under color of law was coercively presented to [him] by [] Zeilman, to which it was signed under duress."  (*Id*. at ¶ 56).  Following his arrest, University of Delaware ordered Plaintiff to appear before Human Resources.  (*Id*. at ¶ 59).  Plaintiff was reprimanded for having an "alleged 'suspended license'" and suspended for one day with no pay  (*Id*.).

On July 12, 2022, Plaintiff mailed an intent to sue to all Defendants.  (*Id.* at ¶ 65).

During the course of the traffic proceedings, Plaintiff sent service copies to numerous defendants including Delaware Governor John Carney, Delaware State Prosecutor AJ Roop, Chief Magistrate of Justice of the Peace Court No. 11 Alan Davis, Director of the Division of Motor Vehicles Jana Simpler, Secretary of Delaware Department of Transportation Nicole Majeski, Officer Zeilman, Magistrate of Justice of the Peace Court Maria Perez-Chambers, New Castle County Executive Matthew Meyer, New Castle County Police Chief Colonel Joseph S. Bloch, University of Delaware Chief of Police Patrick Ogden, Officer Harris, New Castle County Court of Common Pleas Chief Judge Carl C. Danberg, Justice of the Peace Court No. 11 Magistrate Judge

Alexander Peterson, III, New Castle County Court of Common Pleas Clerk Carol Lemieux, Justice of the Peace Court 11, the State of Delaware, the Delaware Department of Transportation, and the Delaware Division of Motor Vehicles (D.I. 2 at ¶¶ 51, 52, 54, 61, 62, 63, 64).

Attachments to the Complaint provide the following timeline.

> **July 29, 2020**.  Plaintiff failed to appear for arraignment in Case No. 2002015749.  He is given a deadline of August 12, 2020 to contact the Justice of the Peace Court 11 to reschedule.  (D.I. 2 at Ex. D).
> **August 10, 2020**.  Plaintiff is notified that he is required to appear at a scheduled motion to dismiss w/trial in Case No. 2002015749 on October 12, 2020 at Justice of the Peace Court 11.[3]  (*Id*. at Ex. E).
> **October 12, 2020**.  Plaintiff failed to appear in Case No. 2002015749 on October 12, 2020 for the motion to dismiss w/trial.  He is informed that he is to appear in the Justice of the Peace Court 11 by October 19, 2020.  (*Id*. at Ex. G).
> **November 20, 2020**.  Plaintiff is notified of a continuance in Case No. 2002015749 and that the new trial date is January 4, 2021.  (*Id.* at Ex. I).
> **June 10, 2021**.  Plaintiff is notified that a warrant issued for his arrest in Case No. 2002015749 for failure to answer a court summons and that his Driver's License and/or driving privilege would be suspended by Defendant Delaware Division of Motor Vehicles, effective June 24. 2021.  (*Id*. at Ex. J).
> **June 23, 2021**.  Plaintiff is ordered to appear for trial in Case No. 2002015749 on July 27, 2021.  The order is signed by Justice of the Peace Peterson.[4]  (*Id*. at Ex. K).
> **June 7, 2022**.  Plaintiff is ordered to appear for arraignment on July 5, 2022 on the charges of driving with a suspended revoked license, 21 Del. C. § 2756 and inattentive driving 21 Del. C. § 4176, Case No. 206003657, Arrest No. 007134AWS.[5]  The order is signed by Justice of the Peace Perez-Chambers.[6]  (*Id*. at Ex. P).

---

[3] Plaintiff alleges it is a "threatening letter" via Defendant Ctemple, Clerk, an agent of the Justice of the Peace Court.  (D.I. 2 at ¶ 43).
[4] Plaintiff appeared before J.P. Peterson on July 23, 2021.  (D.I. 2 at ¶ 49).  He alleges that J.P. Peterson berated him and then arrested and unlawfully detained him until Plaintiff satisfied bail.  (*Id.* at ¶ 50).
[5] This is a new traffic case.
[6] Plaintiff was detained by Officer Zeilman.  It appears that Plaintiff appeared before J.P. Perez-Chambers via Zoom.  (*Id*. at ¶ ¶ 57, 58, 59).  Zoom Video Communications, Inc. and its CEO are named defendants.

**June 27, 2022**.  Plaintiff is summoned to appear at the Court of Common Pleas Traffic Court for arraignment and trial on July 26, 2022, in Case No. 2002015749, Complaint 322019259, Arrest Number T322003375.  (*Id*. at Ex. X).

**July 12, 2022**.  Plaintiff is informed by the DOT that it is not in possession of any of the documents Plaintiff sought from Director Simpler and Secretary Majeski.  (*Id*. at Ex. V).

Plaintiff commenced this action on August 2, 2022.  (D.I. 2).  It contains eleven counts, as follows:

**Count I**, 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights against Harris, Peterson, Ctemple, Zeilman, Perez-Chambers, New Castle County Court of Common Pleas Judge Katherine Mayer, Lemieux, New Castle County Police, Justice of the Peace Court 11, New Castle County, University of Delaware, Zoom, DOT, DMV, and the State of Delaware, individually and in concert.

**Count II**, assault against Harris and Zeilman, individually.

**Count III**, battery against Harris and Zeilman, individually.

**Count IV**, false imprisonment against Harris, Peterson, Ctemple, Zeilman, Perez-Chambers, Zoom, Mayer, Lemieux, individually and in concert.

**Count V**, 42 U.S.C. § 1983 for maintaining customs and policies that violated Plaintiff's constitutional rights against New Castle County, New Castle County Police Department, New Castle County Justice of the Peace Court No. 11, New Castle Court of Common Pleas, and the University of Delaware Police Department.

**Count VI**, 42 U.S.C. § 1983 for maintaining customs and policies that violated Plaintiff's constitutional rights against the University of Delaware and the University of Delaware Police Department.

**Count VII**, 42 U.S.C. § 1983 for failure to inadequately supervise and train their employees against the State of Delaware, Department of Motor Vehicles, and Delaware Department of Transportation.

**Count VIII,** for failure to inadequately supervise and train its employees against Zoom Video Communications, Inc.

4

>**Count IX**, 42 U.S.C. § 1983 under a theory of respondeat superior for assault, battery, false imprisonment, and commercial harassment against State of Delaware.
>
>**Count X,** civil rights for failure to respond to Plaintiff's filings/letters against Harris, Peterson, Ctemple, Zeilman, Perez-Chambers, Mayer, and Lemieux.
>
>**Count XI,** civil rights for failure to produce oaths and bonds of public office against Harris, Peterson, Ctemple, Zeilman, Perez-Chambers, Mayer, Lemieux, Davis, Danberg, Bloch, Ogden, Meyers, Majeski, Simpler, and Carney.

There is no prayer for relief although the body of the Complaint states that this is an "action for money damages, declaratory and injunctive relief." (D.I. 2 at ¶ 4).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only

5

where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at

679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

## DISCUSSION

**Immunity**.  Most Defendants are immune from suit.  Judge Mayer,  Justice of the Peace Peterson, and Justice of the Peace Perez-Chambers have judicial immunity.  "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."  *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)).

The allegations against the foregoing Defendants relate to actions they took as judges.  For example, Plaintiff takes exception to J.P. Peterson's demeanor when he appeared before him (D.I. 2 at ¶ 51); Plaintiff appeared before J.P. Perez-Chambers via Zoom and complains that she failed to sign a bond/order to appear (*id*. at 57, 58); and, he alleges that Judge Mayer issued a warrant for Plaintiff's arrest (*id*. at ¶ 66).  The Complaint does not set forth any facts to show that any of the foregoing judges acted in the absence of jurisdiction.  They will be dismissed.

Clerk of Courts Ctemple and Lemieux are immune from suit.  Plaintiff alleges that Justice of the Peace Court Clerk Ctemple sent him a threatening letter to appear in the Justice of the Peace Court No. 11 on October 12, 2020.  (D.I. 2 at 15).  The letter is a notice to appear at a scheduled "motion to dismiss w/trial."  (*See* D.I. 2 at Ex. E).  At some point, Case No. 200215749 was transferred from the Justice of the Peace Court

7

to the Court of Common Pleas. The Complaint alleges that Lemieux is the Clerk "for the newly issued warrant." (*See* D.I. 2 at ¶ 66 and Ex. X).

Under certain circumstances, a clerk of court may be entitled to judicial immunity. "When judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges—that is, because they, too, exercise a discretionary judgment as a part of their function." *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 436 (1993) (cleaned up); *Tucker v. Doe*, 173 F. App'x 969 (3d Cir. 2006); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (a clerk may not be entitled to absolute immunity in all cases, but holding that the clerk was immune from liability for allegedly failing to properly manage the court calendar).

The acts as alleged are comparable to those of judges (*i.e.*, sending notices, issuing warrants). As such, Ctemple and Lemieux are immune from suit and will be dismissed as defendants.

The State of Delaware, Justice of the Peace Court 11, the Court of Common Pleas, the DMV, the DOT, as well as individuals Governor Carney, DOT Secretary Majeski, DMV Director Simpler, Chief Magistrate Davis, Chief Judge Danberg, and Deputy A.G. Roop, all of whom are sued only their official capacities, have Eleventh Amendment immunity. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). In addition, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit

8

against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Therefore, § 1983 claims for monetary damages against a state, state agency, or a state official in his or her official capacity are barred by the Eleventh Amendment. *See id.* The State Defendants have Eleventh Amendment immunity. The Defendants either fall under the umbrella of the State of Delaware or they are individuals who are sued in their official capacities, which are suits against their official offices. Therefore, all claims against State Defendants, all immune State Defendants, and Counts VII and IX raised against immune State Defendants will be dismissed. Amendment is futile as to Counts VII and IX.

As discussed, Chief Judge Danberg, Judge Mayer, Chief Magistrate Davis, J.P. Peterson, J.P. Perez-Chambers, the State of Delaware, Justice of the Peace Court 11, the Court of Common Pleas, Ctemple, Lemieux, the DMV, the DOT, Governor Carney, DOT Secretary Majeski, DMV Director Simpler, and Deputy A.G. Roop and the claims raised against them are dismissed based upon immunity from suit.[7] Amendment is futile as to claims against the foregoing immune defendants.

---

[7] The Complaint alleges that all Defendants listed herein are liable under the theory of respondeat superior including, but not limited to Deputy A.G. Roop, Governor Carney, DOT Secretary Majeski, DMV Director Simpler, Judge Mayer, Chief Magistrate Davis, Chief of Police Bloch, Chief Judge Danberg, President Assanis, Chief of Police Ogden, and CEO Yuan. (D.I. 2 at ¶ 8). There is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk County v. Dodson*, 454 U.S. 312, 325, (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior).

**Statute of Limitations**.  The March 2020 claims, which concerns actions taken by Harris when he arrested Plaintiff, are time-barred.  For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261, 275 (1985).  In Delaware, § 1983 claims are subject to a two-year limitations period.  *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996).  Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based."  *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised.  *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986).  "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'"  *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).  Accordingly a court may dismiss a time-barred claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff complains of acts by Harris that occurred in March 2020.  He did not file his Complaint until August 2, 2022.   Hence, it is evident from the face of the Complaint that the March 2020 claims raised against Harris are barred by the two-year limitations period and they will be dismissed.

**Count I**.  Count I is raised pursuant to 42 U.S.C. § 1983, is brought against fifteen defendants, and alleges violations of Plaintiff's constitutional rights.  As

discussed above, several Defendants will be dismissed.  The claims against Harris are time-barred and Peterson, Ctemple, Perez-Chambers, Mayer, Lemiuex, Justice of the Peace Court No. 11, the DOT, the DMV and the State of Delaware are immune from suit.

To prevail on a § 1983 claim, a plaintiff must show that a person (or persons), acting under color of law, deprived him of a constitutional right.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020).  While the body of the Complaint alleges violations of the Articles of the Constitution and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, there is no mention of Articles or Amendment in Count I.  As pled, the Court cannot discern under which Article or Amendment (if any) Plaintiff proceeds.

In addition, New Castle County Police Department, New Castle County, and the University of Delaware are named defendants.  However, as discussed below, to state claims against these entities Plaintiff must plead *Monell* claims – the claims raised in Counts V and VI, which are discussed below.  Count I also names Zoom, which is not a state actor.  As discussed below, the claims against Zoom and its president will be dismissed. That leaves Officer Zeilman as the sole defendant in Count I.  Count I does not refer to a constitutional article or amendment.  It fails to state a claim upon which relief can be granted and will be dismissed.  Plaintiff will be given leave to amend the claims raised in Count I against Officer Zeilman.

**State Claims, Counts II, III, and IV**.  Counts II, III, and IV are brought against Officers Harris and Zeilman for assault, battery, and against Harris, Peterson, Ctemple,

11

Zeilman, Peter-Chambers, Zoom, Mayer, and Lemiuex for unlawful imprisonment (*i.e.*, false imprisonment).[8]

To state a claim for assault, Plaintiff must allege that Zeilman (1) acted intentionally, (2) without Plaintiff's consent and (3) the actions of Zeilman placed Plaintiff in fear of imminent harmful or offensive contact. *Smith v. Access Lab. Servs., Inc.*, 2022 WL 1538029, at *2 (Del. Super. Ct. May 16, 2022). To recover for this tort, there need not have been contact between the parties. As pled, the assault claim fails to state a claim upon which relief can be granted. There are no allegations that the actions of Zeilman placed Plaintiff in fear of imminent harmful or offensive contact. Count II will be dismissed. Plaintiff will be given leave to amend Count II against Zeilman.

Count III alleges battery by Zeilman. "The tort of battery is 'the intentional, unpermitted contact upon the person of another which is harmful or offensive.'" *Hunt ex rel. DeSombre v. State of Delaware*, 69 A.3d 360, 368 (Del. Super. Ct. 2013). Under 11 Del. Code § 467, the use of force is justifiable when the defendant is "making an arrest or assisting in making an arrest and believes that such force is immediately necessary to effect the arrest." 11 Del. C. § 467(a)(1). There are no allegations of intentional unpermitted contact by Zeilman. Count III will be dismissed. Plaintiff will be given leave to amend Count III against Zeilman.

Count IV alleges false imprisonment by Zeilman and Zoom, all other defendants having been dismissed. False imprisonment is defined as the unlawful restraint of another without consent and without legal justification. *See Hunt v. State*, 69 A.3d 360,

---

[8] As previously noted, the claims against Harris are time-barred. Peterson, Ctemple, Lemieux, Perez-Chambers, Mayer, and Lemieux are immune from suit.

368 (Del. 2013).  A claim for false imprisonment arises when a person is arrested without probable cause and is subsequently detained pursuant to that unlawful arrest. *See Adams v. Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (per curiam) (citing *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995).  Hence, a claim of false imprisonment derives from and depends on an arrest without probable cause. *See Johnson v. Camden Cty. Prosecutors' Office*, 2012 WL 273887, at 4 n.2 (D.N.J. Jan. 31, 2012) (stating that a false imprisonment claim under § 1983 is based on the Fourteenth Amendment protection against deprivations of liberty without due process of law but that the claim is derivative of a Fourth Amendment claim for arrest without probable cause) (citing *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *Groman*, 47 F.3d at 636).

"Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."  *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)); *see also Minatee v. Philadelphia Police Dep't*, 502 F. App'x 225, 228 (3d Cir. 2012) (citation omitted). The arresting officer must reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial.  *See Wright v. City of Phil*adelphia, 409 F.3d 595, 602 (3d Cir. 2005); *see also Minatee*, 502 F. App'x at 228 (citation omitted).

As alleged, Plaintiff "was surreptitiously arrested" by Zeilman at the University of Delaware, where he was employed, "under false and misleading pretenses of being a

13

'private matter' via his employer's orders to go to the University Police Station." (D.I. 2 at ¶ 55). Plaintiff alleges that he signed a "waiver of rights to replacement of venue" under duress, and that he appeared via Zoom before J.P. Perez-Chambers on the date of his arrest, June 7, 2022. (*Id.* at ¶¶ 55, 56, 57). During the Zoom appearance, Plaintiff was given a "bond/order to appear" for an arraignment on the charges of driving with a suspended/revoked license and inattentive driving. (*Id.* at ¶ 58 and Ex. P). Plaintiff alleges that he signed the document "under duress." (*Id.* at ¶ 58). Given the allegations of inattentive driving and driving on a suspended or revoked license, Officer Zeilman could have reasonably believed at the time of arrest that an offense was being committed and that probable cause existed for the arrest. *See Ferry v. Barry*, 2012 WL 4339454, at *5 (D.N.J. Sept.19, 2012) ("[B]ecause Plaintiff is unable to demonstrate the absence of probable cause, he fails to state a claim for false arrest and this claim must be dismissed, along with his derivative claim for false imprisonment arising from the detention pursuant to that arrest.") (citation omitted).

The Complaint does not allege that Zeilman arrested Plaintiff without probable cause and therefore does not allege that Zeilman violated Plaintiff's Fourth Amendment rights. Nor or there any allegations that Zoom in any way unlawfully restrained Plaintiff. Accordingly, Count IV will be dismissed. While it is unlikely that Plaintiff can state a false imprisonment claim, he will be given leave to amend against Officer Zeilman.

**Count V and Count VI**. Count V alleges New Castle County, New Castle Police Department, and the University of Delaware developed and maintained policies or customs such as "training" and "fraternity" that exhibited deliberate indifference to the constitutional rights of people and persons in New Castle County, which caused

14

violations of Plaintiff's rights.  (D.I. 2 at ¶ 79).  It alleges that New Castle County inadequately supervised and trained its police officers and, in turn, failed to adequately discourage constitutional violations on the part of its police officers.  (*Id*. at ¶ 80).  The Complaint also alleges that as a result of the policies and customs, New Castle County and University of Delaware police believed their actions would not be properly monitored by supervisory officers.  (*Id*. at ¶ 81).

Count VI alleges the University of Delaware and the University of Delaware Police Department have a policy and custom of inadequately supervising and training their police officers and, therefore, fail to adequately discourage further constitutional violations on the part of their police officers.  (*Id*. at ¶ 84).

The New Castle County Police Department falls under the umbrella of New Castle County.[9]  As such, the claim is no different than had it been raised against New Castle County.  See *Batiste v. Lee*, 2004 WL 2419130, at *2 (Del. Super. Ct. Oct. 14, 2004) (New Castle County Police Department is part of the municipality of New Castle County, is a non-suable government entity, and may not be sued as a separate entity).  The same logic holds true for the University of Delaware Police Department.  Its police officers are employed by the University of Delaware.  See https://www1.udel.edu/

---

[9] The Complaint names NCC Chief of Police Bloch and NCC Executive Meyer in their official capacities, and Officer Harris in his individual and individual capacities.  In addition, the Complaint names UD Chief of Police Ogden and UD President Assanis in their official capacities, and Officer Zeilman in her individual and official capacities.  Any claims against the individual NCC and UD Defendants in their official capacities will be dismissed because these claims are treated as claims against either New Castle County or the University of Delaware.  See *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Stacey v. City of Hermitage*, 178 F. App'x 94, 100 (3d Cir. 2006).

police/jobs/ (last visited Dec. 2, 2022).  Therefore, the claims against both police departments will be dismissed.

The Court turns to the *Monell* claims raised against New Castle County in Count V and the University of Delaware in Count VI.  With regard to New Castle County, while a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct. . . so permanent and well settled as to virtually constitute law."  *Andrews*, 895 F.2d at 1480 (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)).  Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights.  *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

With regard to the University of Delaware, Courts have determined that it is a state actor for purposes of § 1983.  *See Stiner v. The University of Delaware*, 2004 WL 1949545, at *6 (D. Del. Aug. 27, 2004).  For an institution to be liable under § 1983, a plaintiff must demonstrate that an institutional policy or custom caused the alleged constitutional violation.  *See Bowers v. University of Delaware*, 2020 WL 7025090, at *3 (D. Del. Nov. 30, 2020).  Plaintiff has not pled any theory of institutional liability.  *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

Neither Count alleges a causal link between the actions or policies of New Castle County and the University of Delaware and a constitutional violation.  Instead, they both allege in a conclusory manner violations of constitutional rights without identifying those

16

rights. In turn, both counts do not plead that either defendant was the "moving force" behind any alleged unidentified constitutional violation.

Counts V and VI fail to state claims upon which relief can be granted. Therefore, the counts will be dismissed and Plaintiff will be given leave to amend the claims against New Castle County and the University of Delaware.

**Count VIII**. Zoom and Zoom CEO Yuan are named defendants. There are no allegations that either are state actors. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. at 535, *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. at 330-31). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49.

The Complaint alleges that Plaintiff appeared before J.P. Perez-Chambers via Zoom. There are no allegations directed towards Yuan. Even liberally construing the Complaint, it is evident that neither Defendant is "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004). Therefore, Count VIII will be dismissed. Amendment is futile as to Count VIII.

**Count X and Count XI**. Count X alleges violations of Plaintiff's civil rights when Officer Harris, J.P. Peterson, Ctemple, Officer Zeilman, J.P. Perez-Chambers, Judge Mayer, and Lemieux did not respond to Plaintiff's letters and courtesy copy of documents he filed. (D.I. 2 at ¶¶ 51, 52, 54, 61, 62, 63, 64, 91, 92). Count XI alleges

that Officer Harris, J.P. Peterson, Ctemple, Officer Zeilman, J.P. Perez-Chambers, Judge Mayer, Lemieux, Chief Magistrate Davis, Chief Judge Danberg, Police Chief Bloch, Police Chief Ogden, Executive Meyer, Secretary Majeski, Director Simpler, and Governor Carney did not respond to Plaintiff's demands for oaths and bonds.  (*Id*. at ¶¶ 93, 94).  No constitutional rights are implicated in Defendants' failure to respond to Plaintiff's letters, service copies, and demands for oaths and bonds.  Counts X and XI do not state cognizable claims and they will be dismissed.[10]  Amendment is futile as to Counts X and XI.

    **Prayer for Relief**.  The Complaint does not contain a prayer for relief that explains what relief Plaintiff seeks.  Federal Rule of Civil Procedure 8(a)(2) and (3) require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "a demand for the relief," Fed. R. Civ. P. 8(a)(3).  *See, e.g.*, *Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007).  *See also Klein v. Pike Cnty. Comm'rs*, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011) (failure to articulate a prayer for relief compels dismissal).  Plaintiff's failure to specify relief of any sort weighs in favor of dismissal for noncompliance with Rule 8.  *See Liggon-Redding v. Souser*, 352 F. App'x 618, 619 (3d Cir. 2009) (affirming dismissal without prejudice where complaint failed to identify relief sought).  Because the amended complaint does not contain a prayer for relief, it will be dismissed.  Plaintiff will be given leave to amend.

---

[10] Many Defendants in Counts X and XI are immune from suit.  *See infra* at 7-9.

## CONCLUSION

For the above reasons, the Court will: (1) deny as premature Plaintiff's motions for leave to issue service of summons (D.I. 5, 6); (2) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii); (3) allow Plaintiff to amend Counts I, II, III, and IV against Officer Zeilman, Count V against New Castle County, and Count VI against University of Delaware; and dismiss with prejudice all defendants except Zeilman, New Castle County, and the University of Delaware.  Amendment is futile as to Counts VII, VIII, IX, X, and XI.

An appropriate Order will be entered.